**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CORBION N.V.,

                    Plaintiff,

        v.

WTI, INC.,

                    Defendant.

Case No. 23-cv-8624

**COMPLAINT FOR**
**DECLARATORY JUDGMENT**

Plaintiff Corbion N.V. ("Corbion"), through its undersigned attorneys, for its Complaint against Defendant WTI, Inc. ("WTI") alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 of non-infringement of United States Patent No. 11,696,587 ("the '587 patent").  Corbion seeks a declaration that it has not infringed, and is not infringing, any claim of the '587 patent, either directly or indirectly.  A true and correct copy of the '587 patent is attached as Exhibit A hereto.

**THE PARTIES**

2.      Corbion is a corporation organized under the laws of the Netherlands, with its principal place of business located at Piet Heinkade 127, 1019 GM Amsterdam.

3.      Upon information and belief, WTI is a company organized under the laws of New York with a place of business located at 281 MLK Ave., Jefferson, Georgia 30549-1447.

**JURISDICTION AND VENUE**

4.      This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject

matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      WTI is subject to personal jurisdiction in this judicial district because WTI resides in this judicial district as a New York corporation and, on information and belief, WTI has directed its business concerning the '587 patent at this judicial district.

6.      Upon information and belief, this Court also has personal jurisdiction over WTI because WTI has engaged in a continuous and systematic course of business in New York under New York Civil Practice Law and Rules (or "CPLR") § 301 (general jurisdiction) and/or CPLR § 302 (specific or long-arm jurisdiction).

7.      Venue properly exists in this judicial district because WTI is subject to personal jurisdiction in this judicial district and is incorporated in New York.

### FACTUAL BACKGROUND

8.      Upon information and belief, WTI is involved in the development, production, manufacture, and sale of dry vinegar products.  These dry vinegar products are intended to "[i]mprove shelf-life and reduce food waste," "[i]nhibit the outgrowth of pathogens," "[c]ontrol yeast and mold growth," and "[e]nhance food product quality, including preserving appearance and accentuating the natural flavors of your food."  These dry vinegar products "can be added directly to food, incorporated in brines or marinades for inject, tumble or spray applications" or "blended into seasonings or marinades."  These dry vinegar products include NatureIn DV® and NatureIn DV® 10.  NatureIn DV® is allegedly the "most consistent, buffered dry vinegar on the market that is ideal for use in a variety of food matrices."  NatureIn DV® 10 is allegedly the "[n]ext generation dried vinegar and the most concentrated dry vinegar ingredient that is lower in moisture" and lower in sodium than other buffered dry vinegars.

9.    In a letter dated September 18, 2023, WTI alleged "Corbion is selling dried vinegar products in the United States, including under the names Verdad Powder N6 and Verdad Opti Powder N450" and further alleged that "Corbion's dried vinegar products infringe WTI's intellectual property rights and in particular the '587 patent."  WTI further "demand[ed] that Corbion (i) immediately cease and desist manufacturing and selling these dried vinegar products and (ii) provide an accounting (in kg) of the quantity sold domestically as well as the quantity that remains in inventory."  WTI further stated that, if Corbion does not obey WTI's demands, "WTI intends to fully enforce its intellectual property rights against Corbion's willful infringement."

10.    Upon information and belief, all the limitations within each individual claim of the '587 patent are not present and/or not practiced in the method or manufacture of Corbion's Verdad Powder N6 and Verdad Opti Powder N450 vinegar products.  Upon information and belief, Corbion's vinegar products are made by manufacturing processes that differ substantially from the products and processes disclosed and claimed in the '587 patent.

11.    A case or controversy exists whether any of the claims of the '587 patent is infringed by any Corbion vinegar product, including Verdad Powder N6 and Verdad Opti Powder N450 vinegar products.

**COUNT I: DECLARATORY JUDGMENT
OF NON-INFRINGEMENT OF THE '587 PATENT
(28 U.S.C. §§ 2201, 2202)**

12.    The allegations of paragraphs 1 through 11 are incorporated herein by reference with the same force and effect as if set forth in full below.

13.     Upon information and belief, WTI is an owner of the '587 patent and contends that one or more claims of the '587 patent is or will be infringed by Corbion's Verdad Powder N6 and Verdad Opti Powder N450 vinegar products.

14.     Corbion contends that it does not infringe, directly, or indirectly, any valid and enforceable claim of the '587 patent.

15.     An actual case or controversy exists regarding whether any valid and enforceable claim of the '587 patent is or will be infringed by Corbion's Verdad Powder N6 and Verdad Opti Powder N450 vinegar products.

16.     Declaratory relief is appropriate and necessary to establish that the manufacture, use, offer for sale, sale, or importation into the United States of Corbion's Verdad Powder N6 and Verdad Opti Powder N450 vinegar products does not infringe, directly, or indirectly, any valid and enforceable claim of the '587 patent under 35 U.S.C. § 271(a), (b), (c), or (g) and to avoid irreparable injury and damage to Corbion.

17.     Pursuant to 28 U.S.C. §§ 2201, 2202, Corbion is entitled to a declaratory judgment that Corbion's Verdad Powder N6 and Verdad Opti Powder N450 vinegar products do not infringe any valid and enforceable claim of the '587 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Corbion respectfully requests that this Court enter judgment in favor of Corbion against WTI and grant the following relief:

A.      Declare that Corbion is not infringing, and has not infringed any claim of the '587 patent, either directly or indirectly, either literally or under the doctrine of equivalents;

B.      Enjoin WTI and its respective officers, agents, servants, employees, attorneys, successors and assignees and all persons in active concert or participation with either, or any of

4

them, from making any statements and/or charges to third parties that the using or causing to be used, selling and/or causing to be sold, and offering for sale any of Corbion's products infringe the '587 patent;

  C. Declare Corbion the prevailing party and this to be an exceptional case under 35 U.S.C. § 285 and award Corbion its reasonable attorney fees pursuant to 35 U.S.C. § 285;

  D. Costs and expenses in this action; and

  E. Such further and other relief as this Court deems just and proper.


Dated:  October 1, 2023       Respectfully submitted,


            s/ William P. Deni, Jr.
            William P. Deni, Jr.
            J. Brugh Lower
            **GIBBONS P.C.**
            One Pennsylvania Plaza
            Floor 45, Suite 4515
            New York, New York 10119
            (212) 613-2000
            wdeni@gibbonslaw.com
            jlower@gibbonslaw.com

            Bryan C. Diner (*pro hac vice* to be filed)
            Justin J. Hasford (*pro hac vice* to be filed)
            Alexander Newkirk (*pro hac vice* to be filed)
            **FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
            901 New York Avenue, NW
            Washington, DC 20001
            (202) 408-4000

            *Attorneys for Plaintiff*
            *Corbion N.V.*